## JAMES P. FOGG ET AL.
### v.
## GEORGE H. SIDWELL.

INSURANCE COMPANY—SPECIAL CHARTER—POWER OF AMENDMENT.—Although in the charter of the insurance company in question in this case no power of amendment was reserved by the act granting the charter, yet the General Assembly had the power to amend the same by a subsequent law and bring such company under the provisions of the general law relating to the liability of stockholders.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.   Opinion filed May 4, 1881.

This was an action of debt, brought by James P. Fogg et al., creditors of the Commercial Insurance Company of Chicago, against George H. Sidwell, a stockholder in said company, to enforce his personal liability to the creditors of the company.   The declaration alleges in substance that said company is a corporation created and organized under and by virtue of an act of the General Assembly of the State of Illinois, entitled " An act to incorporate the Commercial Insurance Company," approved February 10, 1865, and that on the 18th day of December, 1869, said company was existing as such

corporation, and engaged in the business of insuring property against loss or damage by fire; that on the 20th day of February, 1867, said act of incorporation was amended, said original and amendatory acts being referred to and made a part of the declaration; that up to the 9th day of October, 1871, said company continued to have its principal office in the city of Chicago, and continued to issue policies of insurance against fire; that September 18, 1869, said corporation, for a valuable consideration, issued and delivered to the plaintiffs a policy of insurance against fire, in the sum of $5,000, on certain of their property, for the term of one year then next ensuing; that on the 9th day of October, 1871, said property was totally destroyed by fire, and that notice and proofs of said loss were duly served on said company by the plaintiffs according to the terms and conditions of the policy; that immediately after the date of said loss said company became insolvent, and was, on the 9th day of December, 1872, adjudged a bankrupt by the District Court of the United States for the Northern District of Illinois; that in the proceedings in bankruptcy the plaintiffs' said debt was duly proved and allowed, but that only a dividend of three per cent. had been paid thereon; that the capital stock of said company was $300,000; that the whole of said capital had never been paid in, or a certificate of such payment recorded as required by the statute, but, on the contrary, not more than about one-half of the capital stock subscribed had ever been paid into said company; that on said 9th day of October, 1871, and at the time the plaintiffs' said claim accrued, the defendant was a corporator and stockholder in said company and had subscribed for and owned fifty shares of $100 each, of its capital stock; that by virtue of the premises and by force of the statute the defendant became individually liable to the plaintiffs for said debt of the corporation, to an amount equal to the amount of said stock in said corporation owned and subscribed for by him, to-wit, $5,000.

To this declaration the defendant filed a general demurrer, which being sustained by the court, judgment was rendered in favor of the defendant for costs. To reverse said judgment the plaintiffs have brought the record to this court by writ of error.

Fogg v. Sidwell.

Mr. F. W. BECKER, for plaintiffs in error; that the general law of 1869 relating to insurance applies to the charter of the company in question, cited, Butler v. Walker, 80 Ill. 345; Arenz v. Weir, 89 Ill. 25; Tibbals v. Libby, 87 Ill. 142.

Messrs. KNICKERBOCKER & HOLDOM, for defendant in error; that the charter is a contract that could not be changed by a subsequent legislation, cited, Farrington v. Tennessee, 5 Otto 679; The People v. Platt, 17 Johns. 215; Dartmouth Coll. v. Woodward, 4 Wheat. 518; Washington Bridge Co. v. The State, 18 Conn. 65; Angell & Ames on Corporations, 595.

BAILEY, J.   In the original act of incorporation of the Commercial Insurance Company of Chicago, no personal liability was imposed upon its stockholders, nor was any power to amend said charter reserved therein.   Such power was reserved by the amendatory act of February 20, 1867, but as there is no averment in the declaration that the amendment was ever assented to, adopted or acted upon by the corporation, such amendment does not appear to have been binding.   The case, then, as presented by the record before us, must be viewed in all respects as though no power of amendment had been reserved.

Was the sixteenth section of the act of March 11, 1879, entitled, " An act to incorporate and to govern fire, marine and inland navigation insurance companies doing business in the State of Illinois," applicable to said company ?   We have decided this precise question in the case of Shufeldt et al. v. Carver, executor, etc., in which the opinion will be filed simultaneously with this, and held, on the authority of the decisions of the Supreme Court in Gulliver v. Roelle, and Weidinger v. Spruance, that the provisions of said section apply to insurance companies chartered prior to the passage of that act, even hough no power of amendment is reserved in the charter. Such being the law, it is clear that the demurrer in this case should have been overruled.

For the error is sustaining the demurrer, the judgment will be reversed, and the cause remanded.

Judgment reversed.